UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISTIAN YAIR DE LA CRUZ GUILLERMO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 2:26-cv-00040-JAW |
| DERRICK STRAMPER, *in his official capacity as Chief Patrol Agent of Houlton Sector, U.S. Border Patrol*, et al., | ) ) ) ) ) | |
| Respondents. | ) ) | |

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

The court issues a temporary restraining order, enjoining the respondents from denying the petitioner access to counsel or removing the petitioner from the District of Maine pending further order of this court.

## I.    BACKGROUND

On January 22, 2026, Christian Yair De La Cruz Guillermo filed a verified petition for writ of habeas corpus and an emergency motion seeking a temporary restraining order (TRO) against his removal from the District of Maine and to ensure his access to counsel pending his habeas proceedings. *Pet. for Writ of Habeas Corpus* (ECF No. 1) (*Pet.*); *Emer. Mot. for TRO to Stop Transfer Without Prior Consent* (ECF No. 2) (*Mot. for TRO*). Mr. Guillermo, a resident of Middlesex County, Massachusetts, is a citizen of Mexico who entered the United States without inspection on or about July 21, 2023. *Pet.* ¶¶ 1-2, 23-25. On January 15, 2026, U.S. Immigration and

Customs Enforcement arrested Mr. Guillermo at a construction worksite in Bethel, Maine. *Id.* ¶¶ 3, 28-29. He alleges ICE arrested him without a warrant. *Id.* ¶ 29.

Mr. Guillermo alleges his detention violates the Immigration Nationality Act and his due process rights under the Fifth Amendment of the United States Constitution. *Id.* ¶¶ 40-49. He seeks a TRO enjoining his transfer pending his habeas proceedings against Derrick Stamper, in his official capacity as Chief Patrol Agent for the Houlton Sector of the U.S. Border Patrol, Matthew Hladik, in his official capacity as Port Director for the Area Port of Portland, Maine of the Customs and Border Protection (CBP) Office of Field Operations, Rodney Scott in his official capacity as Commissioner of CBP, David Wesling, in his official capacity as Director for the Boston ICE Field Office, Todd Lyons, in his official capacity as Acting Director of ICE, Kristi Noem, in her official capacity as Secretary of U.S. Department of Homeland Security, and Pamela J. Bondi, in her official capacity as U.S. Attorney General. *Mot. for TRO* at 1-4; *Pet.* ¶¶ 15-22. He seeks, among other remedies, a writ of habeas corpus ordering his immediate release during his habeas proceedings, or in the alternative, an order requiring an Immigration Judge to provide him with a bond hearing as soon as possible. *Pet.* 10-11.

## II.    LEGAL STANDARD

The standard for issuing a TRO is the same as for a preliminary injunction and is provided by traditional equity doctrines. *Aftermarket Auto Parts All., Inc. v. Bumper2Bumper, Inc.*, Civil No. 1:12-cv-00258-NT, 2012 U.S. Dist. LEXIS 143685, *3 (D. Me. Oct. 4, 2012); *accord* 11A WRIGHT, MILLER & KANE § 2942, at 37; *Alcom,*

*LLC v. Temple*, No. 1:20-cv-00152-JAW, 2020 U.S. Dist. LEXIS 79863, at *15 (D. Me. May 6, 2020) (collecting cases).

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *accord Mass. Coal. of Citizens with Disabilities v. Civ. Def. Agency & Off. of Emergency Preparedness*, 649 F.2d 71, 76 n.7 (1st Cir. 1981) ("The authority of the District Court Judge to issue a preliminary injunction should be sparingly exercised")). "In order for a court to grant this type of relief, a plaintiff 'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that the injunction is in the public interest." *Peoples Fed. Sav. Bank*, 672 F.3d at 8-9 (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008)). "The party seeking the preliminary injunction bears the burden of demonstrating that these four factors weigh in its favor." *Esso Standard Oil Co. v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006). "[T]rial courts have wide discretion in making judgments regarding the appropriateness of" preliminary injunctive relief. *Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 14 (1st Cir. 2010).

## III.    DISCUSSION

To rectify the complications Respondents have caused in the matter, the Court will convert its January 22, 2026 emergency order into a TRO, and thereby grant Mr. Guillermo's motion. To explain, at the teleconference of counsel on January 23, 2026,

Respondents informed the Court that Mr. Guillermo was removed to Massachusetts before Mr. Guillermo filed his petition and the Court issued its seventy-two-hour emergency stay order on January 22, 2026, which enjoined Respondents from removing him outside the District of Maine. *Emer. Order Concerning Stay of Transfer or Removal* (ECF No. 4); *Min. Entry* (ECF No. 5). Based on Respondents' representation, namely that Mr. Guillermo was not in the District of Maine when he filed his petition, there was a serious question as to whether this Court had ever properly assumed jurisdiction over his habeas petition.

After some discussion, Mr. Guillermo's counsel agreed to refile his petition in the District of Massachusetts and move to withdraw the instant petition. *Id.* However, later that same day, Respondents informed the Clerk's Office that Mr. Guillermo never left the District of Maine, and that he remains in Respondents' custody in Fort Fairfield, Maine. Accordingly, the Court's seventy-two-hour emergency stay remains effective. Furthermore, Respondents failed to object to Mr. Guillermo's motion for a TRO at the teleconference of counsel. In doing so, Respondents have implicitly admitted that the Court may conclude that the Mr. Guillermo has proven each of the four factors essential for the issuance of his requested TRO.

"[An] injunction should issue only where [it is] essential in order effectually to protect . . . rights against injuries otherwise irremediable." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). Here, the "irremediable" injury would be removal from this Court's

jurisdiction pending Mr. Guillermo's habeas corpus proceedings. Accordingly, the Court circumscribes its remedy, at this time, to ensure Guillermo's access to counsel and prevent Respondents from removing Mr. Guillermo from the United States pending further order of this Court.

## IV. BOND REQUIREMENT

Pursuant to Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). The First Circuit has explained "[t]he purpose of such a bond is to ensure that the enjoined party may readily be compensated for the costs incurred as a result of the injunction should it later be determined that it was wrongfully enjoined." *Axia NetMedia Corp. v. Mass. Tech. Park Corp.*, 889 F.3d 1, 11 (1st Cir. 2018); *accord Edgar v. MITE Corp.*, 457 U.S. 624, 649 (1982) (Stevens, J., concurring) ("The bond, in effect, is the moving party's warranty that the law will uphold the issuance of the injunction").

The First Circuit has previously indicated "there is ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond," *Int'l Ass'n of Machinists & Aerospace Workers v. E. Airlines, Inc.*, 925 F.2d 6, 9 (1st Cir. 1991) (collecting cases), but the district courts in this circuit have generally required a bond to be posted. *See WEX Inc. v. HP Inc.*, No. 2:24-cv-00121-JAW, 2024 U.S. Dist.

LEXIS 119715, at *99-100 (D. Me. July 9, 2024) (collecting cases). District courts are vested with "wide discretion" to set the amount of the bond. *Axia NetMedia*, 889 F.3d at 11; *accord Totem Forest Prods. v. T & D Timber Prods.*, No. 2:17-cv-00070-JDL, 2017 U.S. Dist. LEXIS 26062, at *5 (D. Me. Feb. 24, 2017) ("The Court has discretion to determine the amount of the security"). Here, to comply with the mandatory nature of the bond requirement, the Court requires Mr. Guillermo to post a bond of $100 within forty-eight hours of the issuance of this Order pursuant to Federal Rule of Civil Procedure 65(c).

## V.    CONCLUSION

The Court ORDERS Respondents in this matter are hereby ENJOINED from removing Christian Yair De La Cruz Guillermo from the District of Maine pending further order of this Court. The Court further ORDERS Respondents in this matter to provide Christian Yair De La Cruz Guillermo reasonable access to counsel during his period of detention.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2026